UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TROY EUGENE AMERICAN HORSE,<br><br>                  Plaintiff,<br><br>  vs.<br><br>PENNINGTON COUNTY, PENNINGTON COUNTY JAIL, PENNINGTON COUNTY SHERIFF'S OFFICE, and MS. SHILOH MACNALLY,<br><br>                  Defendants. | CIV. 17-5034-JLV<br><br>ORDER |

On May 5, 2017, plaintiff Troy Eugene American Horse filed a complaint against defendants pursuant to 42 U.S.C. § 1983 and moved for leave to proceed *in forma pauperis*. (Dockets 1 & 2).

28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed *in forma pauperis*. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A) the average monthly deposits to the prisoner's account; or

    (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In support of his motion, Mr. American Horse provided a copy of his prisoner trust account report signed by an authorized prison official. (Docket 3). The report shows an average monthly deposit since he arrived at the institution at which he is currently incarcerated of $0.00, an average monthly balance of $0.00, and a current balance of $0.00. Id. Based on this information, the court finds Mr. American Horse is indigent and grants him leave to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by prisoners, regardless of payment of filing fee." Lewis v. Estes, 242 F.3d 375, at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Because Mr. American Horse is

proceeding *pro se,* his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. American Horse used a Civil Rights Complaint By A Prisoner form. (Docket 1). Mr. American Horse asserts the court has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Id. at p. 1.

Mr. American Horse's complaint contains four counts. Counts 1 and 2 raise essentially the same claim. In Counts 1 and 2, Mr. American Horse alleges Pennington County violated his rights under the Eighth Amendment by failing to ensure the Pennington County Jail provided him with adequate healthcare. (Docket 1 at pp. 4-5). His allegations surround the denial of his seizure medication that he claims was prescribed to him by an outside doctor. Id. He alleges the prison medical staff chose to "override" his prescription. Id. Count 3 alleges the Pennington County Sheriff's Office failed to train its officers at the Pennington County Jail to provide adequate medical treatment to inmates. Id. at 6. Count 4 claims Shiloh MacNally violated Mr. American Horse's Eighth and Fourteenth Amendment rights by not protecting him from the other defendants and forcing him to waive his constitutional rights. Id. at 7. Mr. American Horse requests relief in the form of $1,000,000 in money damages from each defendant. Id. at 8.

Mr. American Horse fails to state a claim against Pennington County and the Pennington County Sheriff's Office. "[A] local government may not be sued

3

under § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior." Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996) (internal quotation marks omitted) (citing Monell v. Dep't. of Soc. Servs. of the City of New York, 436 U.S. 658 (1978)).

A county may be liable for violation of constitutional rights if the violation was caused by its customs or policies. Crawford v. Van Buren Cty., Ark., 678 F.3d 666, 669 (8th Cir. 2012) (quoting Rynders v. Williams, 650 F.3d 1188, 1195 (8th Cir. 2011)). Mr. American Horse does not point to any offending policy. He merely argues he was not given medication that he should have been given.

Medical professionals in the prison do not commit an Eighth Amendment violation—as Mr. American Horse alleges—unless their actions constitute deliberate indifference. See, e.g., Meuir v. Greene Cty Jail Emps., 487 F.3d 1115, 1119 (8th Cir. 2007) (finding a plaintiff has no constitutional right to a particular course of treatment). Meuir's analysis also applies to the claims against the Pennington County Sheriff's Office. Mr. American Horse's claims against Pennington County and the Sheriff's Office warrant dismissal.

Mr. American Horse fails to state a claim against the Pennington County Jail. "[C]ounty jails are not legal entities amenable to suit." Owens v. Scott Cty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). Mr. American Horse's claim against Pennington County Jail warrants dismissal.

Mr. American Horse fails to state a claim against Ms. MacNally. He alleges Ms. MacNally failed to protect him from the other defendants. (Docket 1). Mr. American Horse does not explain how Ms. MacNally had any

4

involvement in violating his rights, whether she had a duty to protect him from the other defendants, or whether she was in a position to control the other defendants' actions. Mr. American Horse's claim against Ms. MacNally warrants dismissal.[1]

Because the denial of necessary medication may constitute an Eighth Amendment violation, and because Mr. American Horse is proceeding *pro se*, the court grants him leave to amend his complaint. Mr. American Horse must specifically state the facts that give rise to his claims. "[A] prison official who is deliberately indifferent to the medical needs of a prisoner violates the prisoner's constitutional rights." Letterman v. Does, 789 F.3d 856, 861 (8th Cir. 2015). To state an Eighth Amendment claim, plaintiffs must show "a substantial risk of serious harm to the victim," and "that the prison official was deliberately indifferent to that risk of harm . . . ." Id. at 861-62 (citing Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)).

Although the court has not assessed Mr. American Horse a strike under § 1915(g) for filing a complaint, Mr. American Horse is warned the court will assess him a strike if it determines his complaint is frivolous, malicious or fails to state a claim. Section 1915(g) is relevant on this point and states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

---

[1]To the extent Mr. American Horse claims his criminal proceeding was affected by Ms. MacNally's level of representation, that is a claim for a habeas petition.

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Accordingly, it is

ORDERED that Mr. American Horse's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. American Horse shall, whenever the amount in Mr. American Horse's trust account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that the clerk of court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

IT IS FURTHER ORDERED that if Mr. American Horse wishes to proceed, he shall amend his complaint by **July 12, 2017**, in order to rectify the deficiencies discussed above. If he fails to do so, his complaint may be dismissed without further notice.

Dated June 12, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE